UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIKE S. CHAVEZ, on behalf of himself, individually, and
on behalf of all others similarly-situated,　　　　　　　　　**COMPLAINT**

　　　　　　　　　　　　　Plaintiff,

　　-against-　　　　　　　　　　　　　　　　　　　　　　**Docket No.: 21-cv-1981**

TRIBESMEN GROUP, INC., and ENDY LALLY,
individually,　　　　　　　　　　　　　　　　　　　　　Jury Trial Demanded

　　　　　　　　　　　　　Defendants.
------------------------------------------------------------------------X

　　　　MIKE S. CHAVEZ, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against Defendants TRIBESMEN GROUP, INC. ("Tribesmen"), and ENDY LALLY, individually ("Lally"), (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

　　　　1.　　This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-1.4; (iii) the NYLL's requirement that employers pay timely wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate

1

information upon hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a corporation that operates a Brooklyn-based construction company specializing in carpentry and its owner and day-to-day overseer - - as a carpenter from on or around November 1, 2015 until October 22, 2020. As described below, throughout the entirety of Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours virtually each week, yet Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate for any hours that he worked in excess of forty in a week. Instead, Defendants paid Plaintiff on an hourly basis at his regular rate of pay for all hours of work, including those hours that he worked in a week in excess of forty.

3. Furthermore, Defendants violated the NYLL by failing to: pay Plaintiff, a manual laborer, all of his wages owed on at least as frequently as a weekly basis; provide Plaintiff with any wage statement on each payday from November 1, 2015 through September 30, 2018, or an accurate wage statement on each payday from October 1, 2018 through October 22, 2020; and provide Plaintiff with any wage notice upon his hire.

4. Defendants paid and treated all of their non-managerial carpenters in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims

under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times, Defendant Tribesmen was and is a New York corporation with its principal place of business located at 322 76th Street, Brooklyn, New York 11209.

10. At all relevant times, Defendant Lally was and is the owner and day-to-day overseer of Defendant Tribesmen, who in that role was and is responsible for making all personnel-related decisions, including but not limited to the hiring and firing of all employees, the setting of employees' hours, rates, and methods of pay, and the maintenance of all employment records, including those decisions and records with respect to Plaintiff.

11. At all relevant times, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant Tribesmen's qualifying annual business exceeded and exceeds $500,000.00, and Tribesmen was and is engaged in interstate commerce within the meaning of the FLSA as it

employed and employs two or more employees, and as it has regularly ordered and sold parts, materials, and tools from vendors located in states other than New York, accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Tribesmen to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as a carpenter, or in another similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant Tribesmen is a New York corporation that operates a Brooklyn-based construction company located at 322 76th Street, Brooklyn, New York.

17. Defendant Lally owns, operates, and manages Defendant Tribesmen, and is responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked, and for distributing work duties. Indeed, Lally personally hired Plaintiff, set Plaintiff's work schedule and job assignments, and set and paid Plaintiff his wages. He was also responsible for maintaining employment records for all of Defendants' employees, including Plaintiff.

18. On or about November 1, 2015, Defendants hired Plaintiff to work as a non-managerial carpenter at various job sites throughout New York City. In that role, Plaintiff's primary job duties consisted of installing moldings, doors, and cabinetry, as well as preparing and installing sheetrock. On a daily basis, Plaintiff performed his work using sheetrock, plywood, nail-guns, circle-saws, tools, and ladders. Well in excess of twenty-five percent of Plaintiff's job duties required him to engage in physical activities and therefore perform manual labor. Plaintiff worked for Defendants in this position until October 22, 2020.

19. Throughout his employment, during the months of June through October, Defendants required Plaintiff to typically work, and Plaintiff did in fact typically work, six days per week, with one uninterrupted fifteen minute coffee break and a second thirty minute lunch break each day, Monday through Friday from 7:00 a.m. to 6:00 p.m., and on Saturday from 8:00 a.m. to 5:00 p.m.  During the months of November through May, Defendants required Plaintiff to typically work, and Plaintiff did in fact typically work, still with the same breaks, at least five days per week, Monday through Friday from 7:00 a.m. to 6:00 p.m., and approximately two-to-three Saturdays per month from 8:00 a.m. to 5:00 p.m..

20. Thus, at all times during his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, a minimum of fifty-one and one-quarter hours and as many as fifty-nine and one-half hours in a week.

21. In exchange for his work, Defendants paid Plaintiff on an hourly basis, as follows: $22.00 from November 1, 2015 through December 31, 2017; $24.00 from January 1, 2018 through December 31, 2019; and $25.00 from January 1, 2020 through the end of Plaintiff's employment on October 22, 2020.

22. At no point during his employment did Defendants pay Plaintiff at the rate of one and one-half times his regular hourly rate for the hours that he worked over forty in a week.

23. By way of example only, during the week of September 10 through September 16, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with a combined forty-five minutes of breaks on each day:

      Sunday, September 10, 2017: Off;

      Monday, September 11, 2017: 7:00 a.m. until 6:00 p.m.;

      Tuesday, September 12, 2017: 7:00 a.m. until 6:00 p.m.;

> Wednesday, September 13, 2017: 7:00 a.m. until 6:00 p.m.;
>
> Thursday, September 14, 2017: 7:00 a.m. until 6:00 p.m.;
>
> Friday, September 15, 2017: 7:00 a.m. until 6:00 p.m.; and
>
> Saturday, September 16, 2017: 8:00 a.m. until 5:00 p.m.

Thus, Plaintiff worked fifty-nine and one-half hours during this week. In exchange, Defendants paid Plaintiff $22.00 for each hour that he worked, for a total of $1,309.00, and did not pay Plaintiff at the rate of one and one-half times his regular rate, or $33.00, for any of the nineteen and one-half hours that Plaintiff worked over forty during this week.

24. Defendants agreed to pay Plaintiff on a weekly basis, part by check and part in cash, with the regularly scheduled payday being Monday for the prior week of Monday through Sunday. However, approximately two-to-three times per month, including, for example, for the weeks of August 10 and August 17, 2020, Defendants failed to pay Plaintiff on the regularly-scheduled payday, and instead delayed paying Plaintiff by a week or longer.

25. On each occasion when Defendants paid Plaintiff from November 1, 2015 through September 30, 2018, Defendants failed to provide Plaintiff with any wage statement, and on each occasion when Defendants paid Plaintiff from October 1, 2018 through October 22, 2020, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked that week, his overtime rate of pay for every hour that he worked over forty, or his total compensation.

26. Additionally, Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

27.     Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28.     Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

29.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

30.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34.     Defendants willfully violated the FLSA.

35.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

37. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCRR.

40. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

41. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of the NYLL*

43. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 191(1)(a) requires that employers pay their "manual workers" all wages owed on at least as frequently as a weekly basis.

45. As described above, Plaintiff and any FLSA Plaintiff who opts-into this action were "manual workers" under the NYLL in that at least 25% of their work was spent performing manual tasks, while Defendants are employers within the meaning of the NYLL.

46. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action with all wages owed on at least as frequently as a weekly basis.

47. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all wages to manual worker employees on at least as frequently as a weekly basis.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

48. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 195(3) requires that employers furnish employees with a wage statement containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

51. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action with a wage statement that accurately contained the criteria required under the NYLL.

52. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

53. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

54. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

56. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

57. As also described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action with any wage notice at hire, let alone one that accurately contained the criteria required under the NYLL.

58. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

59. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

60. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

      d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i. Pre-judgment and post-judgment interest, as provided by law; and

      j.   Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  April 13, 2021
         Garden City, New York

                         Respectfully submitted,

                         BORRELLI & ASSOCIATES, P.L.L.C.
                         *Attorneys for Plaintiff*
                         910 Franklin Avenue, Suite 200
                         Garden City, New York 11530
                         Tel. (516) 248-5550
                         Fax. (516) 248-6027

                         _____
                         ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                         MICHAEL J. BORRELLI, ESQ. (MB 8533)