UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                                           :

MIKE S. CHAVEZ, on behalf of himself and  :
all others similarly situated,                                :    **MEMORANDUM DECISION**
                                                                                           :    **AND ORDER**
                                                   Plaintiff,        :
                                                                                                :    21-cv-1981 (BMC)
                                     - against -                       :
                                                                                                    :

TRIBESMEN GROUP, INC., and ENDY        :
LALLY,                                                                                                      :
                                                                                                      :
                                               Defendants.    :
                                                                                                      :
------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff Mike S. Chavez has sued his former employer Tribesman Group, Inc., ("Tribesman") and its alleged owner, Endy Lally, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 650 *et seq.* Before me is plaintiff's motion for conditional approval to proceed with a collective action and for court-facilitated notice under the FLSA. See 29 U.S.C. § 216(b). For the below reasons, plaintiff's motion is granted with some modifications to his proposed notice and the information he seeks from defendants.

## BACKGROUND

Tribesman, a Brooklyn-based construction company specializing in carpentry, employed plaintiff as a carpenter from November 2015 to October 2020. According to the complaint, plaintiff was scheduled and paid to work approximately 51 ½ to 59 ¼ hours a week throughout his employment, depending on the season. Although plaintiff was paid for all hours worked at

his regular hourly rate, he alleges that he was denied time and a half compensation for all hours worked in excess of 40, despite numerous complaints to Lally.

In support of his motion, plaintiff relies on his declaration, which details both his own experiences, as well as his personal observations, interactions, and conversations with other current and former carpenters and manual workers employed by defendants.

## DISCUSSION

The FLSA allows employees to bring a collective action to recover unpaid overtime compensation on behalf of themselves and similarly situated employees. See 29 U.S.C. § 216(b). As similarly situated employees can become plaintiffs only by filing written consent with the court, id., courts have discretion to facilitate notice to those employees. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). This process is often referred to as certification. See, e.g., Lianhua Weng v. Kung Fu Little Steamed Buns Ramen, Inc., No. 17-cv-273, 2018 WL 1737726, at *2 (S.D.N.Y. March 26, 2018). However, to distinguish it from certification of class actions under Federal Rule of Civil Procedure 23, I prefer to refer to it as approval to proceed with a collective action.

Courts in the Second Circuit conduct a two-step process when determining whether to approve a collective action. See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). First, in a step referred to as conditional certification, the court "mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 555 (quotation omitted). At the second step, "the district court will, on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." Id. (quotation omitted). "A court may de-certify a

collective action if it determines Plaintiffs fail to meet this requirement at the second stage." Lianhua Weng, 2018 WL 1737726, at *3 (citing Myers, 624 F.3d at 555).

This case is at the first step. Here, plaintiff must "make a modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (quotation omitted). "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." Romero v. La Revise Assocs., LLC., 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013) (quotations omitted).

Specifically, plaintiff "must show a factual nexus . . . between the plaintiff['s] situation and the situation of other potential plaintiffs." Fernandez v. On Time Ready Mix, Inc., No. 14-cv-4306, 2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quotation omitted). A plaintiff may demonstrate such a nexus through "pleadings, affidavits, and declarations." Id. And, as "the determination that the parties are similarly situated is merely a preliminary one that may be modified or reversed at the second certification stage," courts have repeatedly emphasized that a plaintiff's burden is modest or minimal. Anjum v. J.C. Penney Co., No. 13-cv-460, 2015 WL 3603973, at *5 (E.D.N.Y. June 5, 2015); see also Abdulzalieva v. Advanced Domino, Inc., No. 21-cv-124, 2021 WL 1648024, at *2 (E.D.N.Y. Apr. 27, 2021); Myers, 624 F.3d at 555. The focus of the first stage "is merely to determine whether similarly situated plaintiffs do in fact exist." Myers, 624 F.3d at 555 (quotation omitted).

I. The Collective Action

Plaintiff's motion seeks conditional approval to proceed with a collective action for a class of individuals that includes plaintiff and current and former employees of defendants who worked "as carpenters or manual workers who performed the same or similar duties" as plaintiff.

3

Although defendants concede that plaintiff meets the lenient standard in the Second Circuit for conditional certification, they request that the collective include only carpenters.

Potential members of a proposed collective need not be identical in every respect. Rather, "its potential members must be similarly situated with respect to the allegedly unlawful policy or practice." Hernandez v. City of New York, No. 16-cv-3445, 2017 WL 2829816, at *3 (S.D.N.Y. June 29, 2017) (quotations omitted); see also Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 41 (S.D.N.Y. 2018) ("[D]ifferent job titles may be included within a conditional collective if there is evidence that plaintiffs may be similarly situated as to a common policy to violate the FLSA.").

Plaintiff alleges, based on personal observations and conversations with co-workers, that carpenters and manual laborers "were all paid in the same manner . . . meaning that they were all paid on an hourly basis at their regular rates for all hours that they worked in excess of forty each week." As manual laborers and carpenters both were paid at the regular rate instead of the overtime rate for all hours worked, they are subject to a common policy to violate the FLSA. This nexus is sufficient to resolve the inquiry on whether plaintiff and the manual laborers are similarly situated if plaintiff's evidence on this point is adequate. See, e.g., Fernandez, 2014 WL 5252170, at *1 (noting what plaintiff must show is "a factual nexus . . . between the plaintiff['s] situation and the situation of other potential plaintiffs").

Plaintiff's evidence is adequate with respect to manual laborers. In his declaration, plaintiff states that he "worked with and observed at least eight other carpenters *and manual workers* who performed the same and/or similar duties as I did." (emphasis added). He goes on to name these employees, seven of whom he identifies by both first and last name. He avers that he personally observed that all these employees "were all paid in the same manner" and "worked

4

the same or similar hours" as he did.  This is enough to meet his modest burden.  See Feng v. Soy Sauce LLC, No. 15-cv-3058, 2016 WL 1070813, at *5 (E.D.N.Y. Mar. 14, 2016) (finding the initial stage burden met where "[p]laintiff's assertion that his non-managerial co-workers were similarly underpaid is bolstered by personal knowledge").[1]  Therefore, I will conditionally approve the collective to include both carpenters and manual laborers whose duties were similar to those of plaintiff.

## II.     Court-Facilitated Notice

Plaintiff has also requested that court-facilitated notice be permitted under the FLSA.  See Hoffmann-La Roche, 493 U.S. at 169.  "[T]he district court maintains 'broad discretion' over the form and content of the notice."  Diaz v. New York Paving Inc., 340 F. Supp. 3d 372, 386 (S.D.N.Y. 2018).  Courts are "guided by the goals of the notice to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants."  Elmajdoub v. MDO Dev. Corp., No. 12-cv-5239, 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013).  The Court determines that the notice plaintiff provided should be sent to all collective action members subject to the modifications and limitations below.

### A.     Notice Period

The FLSA has a three-year statute of limitations for willful violations.  See 29 U.S.C. § 255(a).  In cases "[w]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."  Hamadou v. Hess Corp., 915 F.

---

[1] Defendants contend that plaintiff has not provided adequately detailed allegations concerning employees other than carpenters.  To this end, defendants rely on Garriga v. Blonder Builders Inc., No. 17-cv-497, 2018 WL 4861394, at *5 (E.D.N.Y. Sept. 28, 2018).  However, as plaintiff points out, in Garriga, the plaintiff sought to expand the collective to include all non-exempt employees, and here, he seeks to only include all carpenters and manual laborers who performed similar duties to plaintiff, a notably narrower group.

5

Supp. 2d 651, 668 (S.D.N.Y. 2013); see also Valerio v. RND Indus., LLC, 314 F.R.D. 61, 73-74 (E.D.N.Y. 2016). Defendants do not contest that three years -- as opposed to two -- is the appropriate time frame for the collective action certification period.

However, plaintiff's proposed notice contemplates a notice period dating back six years before the filing of the complaint. Although the FLSA has a three-year statute of limitations for willful violations, plaintiff's related claims under the NYLL are subject to a longer six-year statute of limitations. Plaintiff is correct that some courts in this district have permitted notification of employees pursuant to the longer period when a complaint alleges both NYLL and FLSA violations. See, e.g., Cohan v. Columbia Sussex Mgmt., LLC, No. 12-cv-3203, 2016 WL 1045532, at *2 (E.D.N.Y. Mar. 15, 2016) (granting six-year notice period); Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (same). However, "decisions regarding the scope of the proposed notice are discretionary" and courts have come to differing conclusions when addressing the correct opt-in notice period in this situation. Cohan, 2016 WL 1045532, at *2. And, as plaintiff has noted, I have already made clear that "in my view, the better-reasoned approach is for the notice to span only three years." Rosa v. Dhillon, No. 20-cv-3672, 2020 WL 7343071, at *8 (E.D.N.Y. Dec. 14, 2020). The conflicting opinions of other judges in this district that plaintiff cites do not alter my view that "[p]roviding notice to potential plaintiffs who only have NYLL claims is premature in the absence of Rule 23 class certification." Perez v. De Domenico Pizza & Rest., Inc., 204 F. Supp. 3d 494, 496 (E.D.N.Y. 2016).

I am conditionally approving the collective under the FLSA, and it should not reach back any further than the FLSA allows. Further, I will limit notification -- and the collective action itself -- to employees who were employed by defendants within three years of this order as "the

statute of limitations applicable to a plaintiff's claim continues to run until he or she has filed a written consent with the court to join the lawsuit." Abdulzalieva, 2021 WL 1648024, at *4.

### B. Equitable Tolling

Plaintiff requests tolling of the FLSA statute of limitations from the date that he filed his collective action motion until its resolution. The basis of his request is twofold. First, he argues that my "heavy caseload" may cause "substantial delay in resolving this motion." Second, he suggests that defendants intentionally delayed notice being sent out by refusing to agree to conditional approval of the collective, and then obtaining an extension of time to file their opposition.

Neither of these contentions provides an adequate basis for equitable tolling here. As to his first argument, plaintiff will be happy to find that, unlike the cases he cited, there was no substantial delay in the resolution of his motion. Cf. Chui v. Am. Yuexianggui of LI LLC, No. 18-cv-5091, 2020 WL 3618892, at *10 (E.D.N.Y. July 2, 2020) (granting equitable tolling from the date plaintiff's motion seeking conditional certification was filed, which took approximately one year for the court to decide). Additionally, there is no evidence to suggest that defendants purposely delayed notice or otherwise acted in bad faith. Like plaintiff's counsel, defendants' attorney also has a duty to zealously advocate for his clients, which includes taking time to consider and defend legal positions.

Finally, "[e]quitable tolling is appropriate only in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights." Hotaranu v. Star Nissan Inc., No. 16-cv-5320, 2017 WL 1390808, at *7 (E.D.N.Y. Apr. 12, 2017) (quotations omitted). None of the circumstances plaintiff highlights -- or any other circumstances in this case -- are "rare and exceptional". This is a "regular run-of-the mill FLSA

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

<i>

collective action" and, therefore, "[t]here is no basis to toll the statute of limitations." Shibetti v. Z Rest., Diner & Lounge, Inc., 478 F. Supp. 3d 403, 416 n.8 (E.D.N.Y. 2020).

### C. Contents of Notice

#### 1. Inclusion of Defendant Lally

Defendants request revision of the proposed notice to "notify employees of Defendant Tribesmen, not and/or Endy Lally" as Lally was not "the direct employer of any employees." Plaintiff argues that excluding Lally from the notice would be improper. I agree. Regardless of whether it is ultimately determined that Lally is an employer under the FLSA, Lally is currently a party to this action. To properly and fully inform potential collective members of the action that they are considering joining, he must be included on the notice. If defendants wish, they may add the following language to plaintiff's notice regarding Lally's position: "Defendant Lally denies that he is an employer under the FLSA."

#### 2. Language of Notice

Defendants do not object to the distribution of Spanish versions of the notices, but they request that plaintiff send the translated version of the notices at least five business days before they are scheduled to be distributed to allow an opportunity for review. Plaintiff requests that this period be limited to three business days. Given the brevity of the notices and the shortness of the opt-in period, three days is reasonable for defendants to review the notices.[2]

---

[2] Plaintiff further requests distribution of the notices in "any other language identified by Defendants." However, as no other language has been identified at this time, I will only address translation into Spanish. If a number of potential plaintiffs are found to be speakers of another language, then plaintiff may disseminate notices in that language as well, subject to the same conditions.

8

### D. Methods of Dissemination

#### 1. Text Message

Plaintiff requests that the notice be disseminated via (1) mail, (2) e-mail, and (3) text message, with a reminder notice to follow within 30 days of the initial mailing via the same methods. The parties agree that mail and e-mail are appropriate methods for dissemination of both the initial and reminder notices. They disagree regarding the appropriateness of disseminating the notices via text message.

"Generally, courts allow such dissemination [via text message] where 'the nature of the employer's business facilitated a high turnover rate among employees.'" Park v. FDM Grp. Inc., No. 16-cv-01520, 2019 WL 2205715, at *7 (S.D.N.Y. May 22, 2019) (quoting Kucher, 2017 WL 2987216, at *6). In his declaration, plaintiff alleges that "[t]here was a considerably high rate of turnover among carpenters and similar manual workers during my employment" such that defendants "would typically hire between three and four new carpenters per month." In response, defendants contend that "facts within Plaintiff's declaration cut against" this allegation of high turnover, suggesting that "it is unlikely that an employee would know the full names and employment details of that many other coworkers in an environment subject to high turnover."

I find defendants' argument unpersuasive. Plaintiff purportedly worked for Tribesman for five years. Even with a high turnover rate, it does not stretch the bounds of credulity that he recalls the first and last names of at least several coworkers and some details of their employment. Moreover, "[a]t the preliminary certification stage, all inferences are drawn in favor of the plaintiffs." Zhenkai Sun v. Sushi Fusion Express, Inc., No. 16-cv-4840, 2018 WL 2078477, at *4 (E.D.N.Y. Jan. 2, 2018) (citation omitted). As plaintiff has alleged that there was high turnover, I will allow dissemination of both the initial and reminder notices pursuant to plaintiff's proposed methods. Ni v. Red Tiger Dumpling House, No. 19-3269, 2020 WL

9

7078533, at *11 (E.D.N.Y. Nov. 30, 2020) (authorizing the dissemination of notice by email and text where plaintiffs provided evidence of a high rate of turnover).

### 2. Link to Notice on Counsel's Website

Plaintiff asks that the Court permit his notices sent by text message to contain a link to the notices on his counsel's website. Defendants oppose this request, suggesting instead that the link be to a standalone website. Without more, I agree that linking to a standalone website is more appropriate. See, e.g., Shangming Lu v. Diamond Nail Salon, LLC, No. 3:19-cv-2017, 2021 WL 2515895, at *10 (D. Conn. June 18, 2021) (denying plaintiffs' request to post notice on their counsel's website as opposed to a standalone website); see also Ni, 2020 WL 7078533, at *12 (same); Zhongle Chen v. Kicho Corp., No. 18-cv-7413, 2020 WL 1900582, at *10 (S.D.N.Y. Apr. 17, 2020) (declining to permit the notice of pendency on counsel for plaintiff's website without any justification for the need to do so).

### E. Production of Identifying Information

Finally, plaintiff seeks to require defendants to provide "[a] computer-readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, work locations, dates of employment, compensation rates, and primary languages of all potential collective action members." This request is overly broad. See, e.g., Beaton v. Verizon New York, Inc., No. 20-cv-672, 2020 WL 5819902, at *5 (E.D.N.Y. Sept. 30, 2020) (finding overly broad plaintiff's request for "names, titles, compensation rates, date of employment, last known mailing addresses, email addresses, and all known telephone numbers" and requiring that defendants only produce names, addresses, and email addresses). I grant the motion to the extent necessary to facilitate providing notice by mail, e-mail, and text message to viable members of the collective. And, as defendants do not oppose providing plaintiff with the primary languages of all potential collective action members, defendants shall

10

disclose the full names, addresses, email addresses, and primary languages for all carpenters and manual workers employed by defendants to the extent they have that information. The information need cover only those employed within three years of this order.

## CONCLUSION

Plaintiff's motion for preliminary approval of a collective action is granted to the extent set forth above. The Court further Orders that:

1. Within 14 days of entry of this Order, defendants shall produce a computer-readable data file including the full names, last known mailing addresses, telephone numbers, email addresses, and primary language of the putative collective;

2. Within 7 days of issuance of this Order, the parties are to meet and confer in good faith, and submit a revised proposed Notice of Pendency and Consent to Join Form that complies with the directives set forth here;

3. Within 21 days of its approval by the Court, plaintiff shall cause a copy of the Notice of Pendency and Consent to Join form to be disseminated to the putative collective.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 14, 2021